Ilan S. Schoenberger, Esq. County Attorney, Rockland
You have inquired as to the voting procedure for the approval of a proposed amendment to the county charter providing for the establishment of a county police department and abolishing the existing town and village police departments.
You have indicated that the current Rockland County Charter includes the following provision:
 "d. Nothing contained in this charter is intended to constitute a a transfer of any function or duty to or from any town or village or an abolition of any office, department or unit of government of a town or village in the county. If any provision of this charter is construed by any court of competent jurisdiction to constitute any such transfer or abolition, such provision shall be deemed to be optional as it affects the towns or villages and be effective only upon approval by the governing boards of such towns or villages" (Rockland County Charter, § 20.04 [d]).
You are concerned about the impact of this provision upon the voting requirements for adoption of the proposed amendment.
The procedure for enactment and amendment of county charters is defined in the State Constitution (Art IX, § 1 [h] [1]). The constitutional provision is implemented by provisions of State law (Municipal Home Rule Law, § 33 [7]). Under section 33 (7) (b), a new county charter or an amendment or repeal of a provision of an existing county charter that would "have the effect of transferring a function or duty of the county, or of a city, town, village, district or other unit of local government wholly contained in the county" must first be adopted by the board of supervisors. Further, the new charter or amendment "shall not become operative unless and until it is approved at a general election or at a special election, held in the county by receiving a majority of the total votes cast thereon (a) in the area of the county outside of cities [i.e., the towns] and (b) in the area of cities of the county, if any, considered as one unit". If the proposed amendment or repeal "provides for the transfer of any function or duty to or from any village . . . it shall not take effect unless it shall also receive a majority of all the votes cast thereon in all the villages so affected considered as one unit".
In that your proposed amendment would transfer the police function from towns and villages to the county, these referendum provisions would apply.* This means a dual referendum would be required. If there were cities in Rockland County, three referenda would be required. Under the terms of section 33 (7) (b), after approval by the Rockland County legislators the proposal would have to be approved by "receiving a majority of the total votes cast" in the towns (a countywide vote) and separately by "a majority of all the votes cast thereon in all the villages so affected considered as one unit". Thus, a majority of the voters in the county would have to approve a transfer of functions from one or more towns or villages to the county government. Also, a majority of the voters in the "affected" villages must approve. In other words, in the villages whose police function would be transferred to the county a majority of the voters in the aggregate would also have to approve the proposed amendment for it to take effect.*
It seems clear that section 20.04 (d) of the Rockland County Charter is a statement that it was not the intention that the charter transfer or abolish any function of the government of a village or town in the county. Should the county desire to proceed with the proposal it will be necessary also to amend or repeal this provision. Section 20.04 (d), however, in our view can have no effect on the procedure for voter approval of the proposed amendment. This procedure has been established by the Constitution and State law and cannot be modified locally. Thus, in answer to your first question, the Rockland County Charter cannot change the procedure set forth in the State Constitution and in the Municipal Home Rule Law for amending a county charter. The dual referendum discussed above is required to approve the proposed amendment.
Responding to your second question, the Constitution and Municipal Home Rule Law require, in the case of Rockland County, that the proposed amendment be approved by a majority of all the voters in the county and separately by a majority of the voters in the affected villages as a unit. A majority vote in each town and village cannot be required.
You also have asked about the effect of the defeat of the proposed amendment by certain towns and villages and whether in the event of overall approval of the referendum these select towns and villages can continue to maintain their police departments. It seems clear under section 33 (7) (b) of the Municipal Home Rule Law that the approval of the proposed amendment by a majority of the voters in Rockland County and separately by a majority of the voters in the affected villages secures the passage of the amendment. The fact that the voters of a certain town or village defeat the amendment has no effect provided that the requisite majorities are obtained. The transfer of functions would be approved and individual towns or villages whose voters defeat the amendment could not retain their police forces. Thus, if the requisite majorities are obtained in the two referenda, the town and village police departments will be abolished and a county police department will be established.
Finally, the superimposition of a requirement that the town and village boards, whose police departments would be abolished by the enactment of the proposed amendment to the charter, also approve the amendment is inconsistent with the procedure established under the Constitution and State law for approval of such an amendment and is unauthorized.
We note from your letter that the county is concerned about the economic feasibility of a county police department and about duplication of police services at the county and local levels. In this regard, the law provides options in the manner of submission of proposed amendments to the electorate.
 "Such a county charter or charter law may provide for the separate submission to the electors at such election of one or more variations of the provisions of such county charter. Any such variation may include, but shall not be limited to, proposed transfers of functions of local government to other units of local government or a class or classes thereof" (Municipal Home Rule Law, § 33 [7] [b]).
Under this provision, the county could present a single amendment abolishing all town and village police departments and transferring the function to the county. If not approved by dual referendum, no town or village police departments would be abolished and the function would not be transferred to the county. Alternatively, the county could present separate variations at the same election. One amendment could be presented to the electorate that would abolish only town police departments. To be approved, a majority of the voters in the towns would have to vote in favor of the amendment. Separately, a second amendment could be submitted to abolish the village police departments. Under section 33 (7)(b), approval is by dual referendum in the towns and separately in the affected villages.* One or the other or both amendments could pass, effectuating a total or partial abolition of local police departments with the accompanying transfer of function to the county.**
We conclude that a proposed amendment to the Rockland County Charter abolishing town and village police departments and transferring the police function to a county police department is subject to a dual referendum. The amendment must be approved by a majority of the voters in the towns and separately by a majority of the voters in the affected villages.
* You have described the proposal as a single amendment abolishing town and village police departments and transferring the police function to a county police department. The referendum requirements would apply differently if alternative amendments were submitted, one to abolish town police departments and one to abolish village police departments. This possibility is discussed later.
* The United States Supreme Court decided that these provisions do not violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution (Lockport v Citizens for CommunityAction, 430 U.S. 259 [1977]).
* The requirement of a dual referendum for a transfer of function to or from a village seems clear from the language of the statute providing that the proposed amendment will not take effect unless it "shall also" be approved by a majority vote in the affected villages (Municipal Home Rule Law, § 33 [7] [b]; emphasis supplied). In context, "also" is a reference to the referendum requirement in towns. See also, Proceedings of the Constitutional Convention of the State of New York, 1967, Volume III, p 594, comments by Judge Bergan.
** If two or more propositions having conflicting provisions receive the majorities required for adoption in the same election, the proposition receiving the largest affirmative vote prevails to the extent of the conflict (Municipal Home Rule Law, § 33 [9]). In all other respects, the propositions are deemed adopted (ibid.).